IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

## REGINALD LAMON GOLDSMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2015-B-1110     Angelita Blackshear Dalton, Judge**

_____

### No. M2018-01814-CCA-R3-PC

_____

The Petitioner, Reginald Lamon Goldsmith, appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court abused its discretion in failing to appoint post-conviction counsel and summarily dismissing the petition.  Following our review, we affirm the summary dismissal of the petition as time-barred and conclude that the Petitioner has waived his due process claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Reginald Lamon Goldsmith, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Chad Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The Petitioner was indicted on May 5, 2015, by a Davidson County Criminal Court jury for six counts of rape of a child and one count of aggravated sexual battery. On February 3, 2016, the Petitioner pled guilty to two counts of rape of a child, and the remaining counts were dismissed.  The Petitioner was sentenced to two concurrent sentences of thirty-two years, and no appeal was filed.

On July 16, 2018, the Petitioner filed a pro se petition for post-conviction relief, alleging that his guilty plea was involuntary, that his sentence was illegal, and that he received ineffective assistance of counsel. On September 5, 2018, the post-conviction court entered a written order summarily dismissing the petition as untimely and noting that the Petitioner did not assert any exceptions to the one-year statute of limitations. The Petitioner filed a notice of appeal on October 1, 2018. On December 19, 2018, this court filed an order stating that the Petitioner's appeal would be dismissed if he did not file a brief within 30 days of the order. Following his failure to file a brief, this court dismissed the Petitioner's appeal on January 30, 2019. On February 6, 2019, the Petitioner filed a motion to rehear, alleging that (1) the prison librarian had changed the library schedule; (2) the prison had been under administrative lockdown in December 2018; and (3) officers refused to aid the Petitioner in meeting his deadline during the administrative lockdown. On February 25, 2019, this court granted the Petitioner's motion to rehear, allowing him an additional 30 days to file his brief.

## ANALYSIS

As best we can understand, the Petitioner now argues for the first time on appeal that due process concerns require tolling of the one-year statute of limitations. The State responds that the post-conviction court properly summarily dismissed the petition as untimely because the Petitioner did not seek tolling of the statute of limitations and made zero factual allegations in his petition addressing the issue of his untimely filing.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered but notes that absent an exception, "No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period[.]" Limited statutory exceptions and the principles of due process may, in very limited circumstances, require the tolling of the one-year statute of limitations. See Seals v. State, 23 S .W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

The record reflects that the Petitioner pled guilty and was sentenced on February 3, 2016, and he was thus required to file his petition for post-conviction relief on or before March 4, 2017, one year from the date his judgment became final. See Tenn. Code Ann. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) ("We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry."). The Petitioner did not file his petition for post-conviction relief until July 16, 2018, more than one year after the statute of limitations expired.

The Petitioner now seemingly argues for the first time on appeal that due process considerations require tolling the statute of limitations because of an administrative prison lockdown, because the Davidson County Clerk's Office did not send him the "state investigative discovery files" that he requested, and because his appointed counsel did not send him his "request[ed] legal files[.]" He asserts that these events equated "extraordinary circumstances beyond his control" and that "due process and fundamental fairness require that the statute of limitations under § 40-30-102 be tolled." As we have laid out, the Petitioner raises his claim of due process tolling for the first time on appeal. The issue is therefore considered waived. See State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."); see also Nix, 40 S.W.3d at 464 (stating that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period" and that the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal"); Michael D. Williams v. State, No. M2017-01765-CCA-R3-PC, 2018 WL 2725497, at *1 (Tenn. Crim. App. June 6, 2018) ("We must dispense with the Petitioner's claim of due process tolling in short order because he has presented it for the first time on appeal."). The Petitioner is accordingly not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief as time-barred.

_____
ALAN E. GLENN, JUDGE